UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80222-CIV-MIDDLEBROOKS

MICHAEL ANTHONY
EARL HOGGETT,

    Petitioner,

vs.

MELISSA LANA BEVAN,

    Respondent.

_____/

### ORDER

THIS CAUSE comes before the Court upon *pro se*[1] Petitioner Michael Anthony Earl Hoggett's ("Petitioner"): Motion to Reopen (DE 31), filed March 10, 2014; Motion for Access Rights (DE 32), filed March 11, 2014; and Emergency Motion for Access/Contact (DE 33), filed March 18, 2014. The Court has reviewed the Motions and the record in this case, and is otherwise fully advised in the premises.

This case was originally filed in February 2011 pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA"), and involved the alleged removal of Petitioner's minor child from Canada and to the United States by Respondent Melissa Lana

---

[1] A court may construe *pro se* pleadings more liberally but should refrain from effectively re-writing them. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g.*, *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). **Error! Main Document Only.**While this Court construes *pro se* filings liberally, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *Samadi v. Bank of Am., N.A.*, 2012 WL 1128697, at *1 (11th Cir. Apr. 4, 2012) (alteration in original) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Bevan. The Petition (DE 12) alleged that the minor child was abducted to Florida on August 16, 2010. On May 5, 2011, the Parties filed a Stipulation of Dismissal (DE 29) pursuant to Federal Rule of Civil Procedure 41(a)(1). The action was dismissed without prejudice. Now, nearly three years later, Petitioner seeks to reopen the case and moves the Court for access to his child under the Hague Convention.

As an initial matter, this case was dismissed in 2011 by agreement of the Parties. Petitioner now asserts that "he was misled and no agreement or resolution was made." (DE 31 at 2). It therefore appears that he seeks relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). However, Rule 60(c) provides that for instances of mistake, surprise, or fraud, a Rule 60(b) motion must be filed no more than a year after the entry of the order. In this case, the Motion to reopen is filed long after the one-year period expired.

Additionally, it appears that this Court does not have jurisdiction over the matter raised in the instant Motions. Here, Petitioner is seeking access or custody to his child while he is in Florida. He claims he has no intention to remove the child from Florida, and merely seeks contact with the child. "A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute." *Lops v. Lops*, 140 F.3d 927, 936 (11th Cir. 1998) (citations omitted).[2] Since the recent developments in this case involve only the underlying child custody dispute (i.e., access to the child), and Petitioner's recent claims do not involve wrongful removal nor retention from the country of the child's habitual residence, there is no cause of action under the Hague Convention.[3] The proper

---

[2] This proposition was cited in Petitioner's petition. (*See* DE 12 at 2 n.4).
[3] If Petitioner seeks to re-litigate his claim of wrongful removal from Canada, he must file a new Petition with the Clerk of Court and effectuate service on Respondent in accordance with the Federal Rules of Civil Procedure. However, in doing so, Petitioner may face several timeliness hurdles.

jurisdiction for Petitioner's new claims is the appropriate Court in Florida or Canada that has the authority to resolve the underlying custody dispute.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motions (DEs 31, 32, 33) are **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 19th day of March, 2014.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record;
Michael Anthony Earl Hoggett, *pro se*
650 Queens Quad W, Apt 1211
Toronto, Ontario, Canada M5V3NZ